FILED
 2009 Apr-23  PM 03:12
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER L. KISH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 08-G-0418-S |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**<u>MEMORANDUM OPINION</u>**

The plaintiff, Christopher L. Kish, brings this action seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying his application for Social Security Benefits.  Christopher L. Kish filed an application for Social Security Benefits.  Thereafter, plaintiff timely pursued and exhausted the administrative remedies available before the Commissioner.  Accordingly, this case is now ripe for judicial review pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g).

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied.  <u>Bloodsworth v. Heckler</u>, 703 F.2d 1233, 1239 (11th Cir. 1983).  To that end this court "must scrutinize the record as a whole to determine if the decision reached

is reasonable and supported by substantial evidence." Bloodsworth, at 1239 (citations omitted). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth, at 1239.

The court rejects the plaintiff's argument in brief that the Commissioner must prove the plaintiff's RFC at step five of the sequential process. The following argument is found in plaintiff's brief:

> Finally, it should be noted that when Plaintiff can no longer perform his past relevant work or, as here, has no prior work history, the burden is upon the Commissioner at the fifth step of the sequential evaluation process to establish capacity to perform other work and thereby to establish the claimant's residual functional capacity. See Foote v. Chater, 67 F.3rd 1553, 1559 (11th Cir. 1995).The Commissioner's fifth step burden cannot be met by a lack of evidence or otherwise, where available, by the residual functional capacity assessment (RFC) of a non-examining, reviewing physician (see Doss v. Astrue, 2007 WL 4570551 S.D. Ala., December 20, 2007 quoting Sharp v. Barnhart, CA 01-0325-BH-C), but instead must be supported by the residual functional capacity assessment of a treating or examining physician.

(Pl.'s br. at 12.) This argument is, in fact largely a verbatim quotation from Doss v. Astrue. In that case, is found the following:

> As is clear from the foregoing discussion, in this circuit *the burden is, upon the Commissioner at the fifth step of the sequential evaluation process to establish capacity to perform other work and thereby to establish the claimant's residual functional capacity*. See Foote v. Chater, 67 F.3d 1553, 1559 (11th Cir.1995). This Court has held on numerous occasions that *the Commissioner's fifth-step burden cannot be met by a lack of evidence or otherwise, where available, by the residual functional capacity assessment of a non-examining, reviewing physician*, see, e.g., Sharp v. Barnhart, CA 01-0325-BH-C, *but instead must be supported by the residual functional capacity assessment of a treating or examining physician*.

2007 WL 4570551, *3 (emphasis added).  The language in italics is identical to that in plaintiff's brief.  Such extensive direct quotation should have been properly indicated.

The citation in <u>Doss</u> and in plaintiff's brief to <u>Foote v. Chater</u>, 67 F.3d 1553 (11th Cir. 1995), does not support the argument.  <u>Foote</u> stands for the proposition that the burden shifts to the Commissioner at step five to show that there is other work the claimant can do.  In <u>Foote</u>, the case was remanded "[b]ecause the ALJ did not utilize a vocational expert to establish evidence of 'other work' Appellant can perform."  <u>Foote</u> 67 F.3d at 1562.  There is nothing in <u>Foote</u> to support the proposition that the Commissioner has an additional burden to establish the plaintiff's RFC at step five. The only other citation in <u>Doss</u> to support the proposition quoted by the plaintiff is another unpublished decision by the same district judge.

Placing the burden on the Commissioner to prove the plaintiff's RFC at step five is foreclosed by 20 C.F.R. § 404.1560 (c)(2), which provides:

> In order to support a finding that you are not disabled at this fifth step of the sequential evaluation process, we are responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that you can do, given your residual functional capacity and vocational factors.  <u>We are not responsible for providing additional evidence about your residual functional capacity</u> because we will use the same residual functional capacity assessment that we used to determine if you can do your past relevant work.

(emphasis added).  The regulations also provide that "[i]n general, you are responsible for providing the evidence we will use to make a finding about your residual functional capacity."  20 C.F.R. § 1545(a)(3).

While it is true that the Commissioner must furnish evidence at step five that the plaintiff can perform other work, that burden does not impose an additional burden on the Commissioner to establish the plaintiff's RFC.  In <u>Foote</u> the court held that vocational expert testimony was required in some cases.  The court did not hold that the Commissioner has a burden to produce medical evidence in the form of a residual functional capacity evaluation from an examining physician.

The court has carefully reviewed the entire record in this case and is of the opinion that the Commissioner's decision is supported by substantial evidence and that proper legal standards were applied in reaching that decision.  Accordingly, the decision of the Commissioner must be affirmed.

A separate order in conformity with this memorandum opinion will be entered.

DONE and ORDERED 23 April 2009.

```
_____
       UNITED STATES DISTRICT JUDGE
              J. FOY GUIN, JR.
```